IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>NORA LUZ SERRATO,<br><br>      Defendant. | CR 02-26-BR<br>(CV 05-696-BR)<br><br>OPINION AND ORDER |

**KARIN J. IMMERGUT**
United States Attorney
**CRAIG J. CASEY**
**JAMES MAHER**
Assistant United States Attorneys
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
(503) 727-1117

**VESPER MEI**
United States Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, DC 20044

      Attorneys for Plaintiff

1 - OPINION AND ORDER

**STEVEN T. WAX**
Federal Public Defender
**STEPHEN R. SADY**
Chief Deputy Federal Defender
101 SW Main Street
Suite 1700
Portland, OR  97201
(503) 326-2123

Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Defendant Nora Luz Serrato's Motion for Relief from Judgment (#88).

For the reasons that follow, the Court **DENIES** Defendant's Motion, but, in the interests of justice, amends the Judgment entered September 10, 2004, to reflect Defendant's term of supervised release is four years.

## PROCEDURAL BACKGROUND

The Court thoroughly recited the factual background relevant to this Motion in previous Opinions and Orders and, therefore, need not repeat the facts here.

On April 7, 2005, Defendant filed a Motion to Enforce Judgment or in the Alternative to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and a Motion to Consolidate this matter with *Serrato v. Federal Bureau of Prisons*, CV 05-481-BR.  On June 16, 2005, the Court held a hearing on these Motions.  On July 14, 2005, the Court issued an Opinion and Order denying

Defendant's Motion to Enforce Judgment and Motion to Consolidate.

On January 4, 2006, Defendant filed a Motion for Relief from Judgment. On January 27, 2006, the Court held a hearing on the Motion and requested further briefing from the parties. On February 3, 2006, the Court held an evidentiary hearing and took the Motion under advisement.

## STANDARDS

Defendant bases her Motion on Fed. R. Civ. P. 60(b), which provides in pertinent part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

## DISCUSSION

I. **Jurisdiction to Decide Defendant's Motion**

In its July 14, 2005, Opinion and Order, the Court denied

3 - OPINION AND ORDER

Defendant's Motion to Enforce Judgment on the ground that the record reflected the Court was not mistaken in its belief that the boot-camp program was an option at the time of sentencing, and, thus, the Court did not rely on "misinformation of a constitutional magnitude" when it imposed Defendant's sentence. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979). *See also United States v. Johnson*, 125 S. Ct. 1571 (2005). The Court concluded it lacked jurisdiction to consider the merits of Defendant's Motion under these circumstances and noted Defendant should have brought this matter in the district in which Defendant was incarcerated pursuant to 28 U.S.C. § 2241 rather than in this district under 28 U.S.C. § 2255.

In her Motion for Relief from Judgment, Defendant now seeks an order reopening her § 2255 Motion filed in this Court on April 7, 2005, on the basis that, in the course of litigating her § 2241 Petition in the district court for the Northern District of California, Defendant discovered evidence that establishes the Bureau of Prisons (BOP) made the decision to terminate the boot-camp program before this Court sentenced her. Thus, Defendant contends the Court, in fact, did rely on misinformation of a constitutional magnitude at the time of sentencing, and, therefore, the Court now has jurisdiction over this matter. *See Johnson*, 125 S. Ct. at 157. *See also United States v. Tucker*, 404 U.S. 443 (1972).

4 - OPINION AND ORDER

Accordingly, the Court concludes it has jurisdiction to consider Defendant's Motion for Relief from Judgment, to determine the merit of Defendant's factual assertions, and to decide whether it should set aside or amend its Judgment entered September 10, 2004.

## II. Review of Defendant's Term of Imprisonment

After thoroughly reviewing the record and considering all of the arguments presented by the parties, the Court concludes there is not any factual basis or equitable reason to resentence Defendant as to her term of imprisonment.

Although it is clear from the record that the BOP was considering termination of the boot-camp program before the Court sentenced Defendant on September 10, 2004, Defendant did not prove the BOP made a final decision to terminate the program before November 2004, which was two months after the Court sentenced Defendant. The Court, therefore, continues to conclude it did not rely on any factual error with respect to the availability of the boot-camp program at the time of sentencing.

In addition, the Court is not persuaded it should alter Defendant's term of imprisonment on any other basis asserted by Defendant.

## III. Amendment of September 10, 2004, Judgment to Correct Erroneous Term of Supervised Release

During the course of the proceedings regarding the issue raised in Defendant's Motion for Relief from Judgment, the

5 - OPINION AND ORDER

government advised, and Defendant agreed, "there was a mistake at sentencing of a constitutional magnitude relative to the applicable term of supervised release." Defendant, however, did not base her Motion on this mistake. In addition, despite its original statement, the government later advised the Court that it did not believe this mistake was an error of constitutional magnitude.

In any event, this "mistake" arose from a statement in the Plea Petition and in the Court's advice to Defendant at the time the Court accepted the Defendant's guilty plea that Defendant was subject to a maximum supervised release term of four years when, in fact, four years was the minimum rather than the maximum term required by 21 U.S.C. § 841(b)(1)(B). Although the Court imposed a five-year term of supervised release consistent with the statute at sentencing, that term was greater than the term disclosed to Defendant in the plea proceedings.

The Court notes it has equitable power to review Defendant's sentence and to correct obvious errors that would result in a miscarriage of justice. *See United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). *See also United States v. Wilson*, 997 F.2d 429, 430 (8th Cir. 1993). Under the circumstances in this case, the Court concludes it would be a miscarriage of justice for the Court to leave in place the five-year supervised release term.

Accordingly, although the Court does not find any factual

basis for disturbing any other part of the sentence, the Court exercises its equitable powers and enters a Second Amended Judgment reflecting Defendant's term of supervised release is four years.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion for Relief from Judgment (#88) and enters a Second Amended Judgment reflecting Defendant's term of supervised release is four years.

IT IS SO ORDERED.

DATED this 17th day of February, 2006.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge